## John W. Butts *vs.* Nancy Dean, Administratrix.

When a debtor gives his negotiable note to his creditor for a debt due on simple contra⁊t, the legal presumption is that the note is received in payment ; but this presumption may be controlled by evidence that such *was not the intent of the parties.*

Where one, who was indebted on a balance of account, procured a third person to give the creditor a bond with condition that the debtor should pay the debt within a specified time, and the debtor, a few days afterwards, gave his negotiable note to the creditor for the amount of said debt, payable at the time mentioned in the condition of the bond, and antedated the note so as to correspond with the date of the bond ; and the creditor at the same time gave the debtor a receipt purporting that he had received a due bill " for balance of account to date "; it was held that the note was not intended as payment of the original debt, *within the condition of the bond,* and that, as the note was not paid according to its tenor, the obligor was liable on his bond.

DEBT on a bond, dated April 10th, 1837, given to the plaintiff, by the defendant's intestate, Daniel Dean, in the sum of $ 2105·11. The condition of the bond recited that John W. D. Hall was indebted to the obligee (the plaintiff) in the aforesaid sum of $ 2105·11, and concluded thus : "Now if the said Hall shall well and truly pay or cause to be paid to the said Butts, his executors, &c. the said sum, within eighteen months, then this obligation is to be void ; otherwise, it shall remain in force."

From the report of the chief justice, before whom the case was tried, it appeared that the execution of the bond was duly proved, and that the defence relied upon was performance of the condition thereof by the payment of the debt by Hall, within the time in said condition mentioned. The grounds of this defence were stated to be, that the debt, to secure which the bond was given, was a balance of account due from said Hall, who resided in Taunton, to the plaintiff, who resided in Prov dence, R. I. ; that a few days after the bond was given, Hall went to Providence, and gave his own negotiable promissory note to the plaintiff for the amount secured by said bond ; which operated as a payment and discharge of the simple contract, for collateral security whereof the bond was given.

The defendant called said Hall as a witness ; and he testified that said bond was given by the intestate, as collateral security as aforesaid, and that he (Hall) soon after went to Providence

and gave his note payable to the plaintiff, or order, for the sum of $2105·11, that being the sum which he then owed the plaintiff on account ; that said note was, at the suggestion of the plaintiff, dated April 10th, 1837, to correspond with the date of the bond; that a receipt was given by the plaintiff, and that the note had not been taken up, nor any payment made on it.

The plaintiff produced said note in court, and it appeared not to have been indorsed. Said receipt was also produced by said Hall, and it purported that the plaintiff had received a due bill for $2105·11, payable in eighteen months, for balance of account to date.

Said Hall, on cross-examination, testified that he had proposed to give the plaintiff security for his debt ; that the bond was written in Taunton, and sent to the intestate at Raynham, to be executed ; and that he (Hall) was present when the bond was given, and brought and delivered it the plaintiff.

This being the whole evidence, the chief justice was of opinion that the case turned wholly upon questions of law and of presumption from the facts testified and not contested : 1. What is the construction of the bond ? 2. Whether the legal effect of the alleged payment by note is to be determined by the law of Rhode Island or of this Commonwealth ? 3. In either case, whether, by any presumption of law or fact, the alleged payment by negotiable note is such a satisfaction and discharge of the debt mentioned in the condition of the bond, as amounts to performance of that condition ?

Whereupon a verdict was taken for the plaintiff, by consent, subject to the opinion of the court upon these questions, and upon the general question whether the plaintiff be entitled to recover.

The court were also to inquire into the law of Rhode Island on the subject, if necessary ; and also to draw all such inferences of fact, from the evidence, as a jury would be authorized and bound to draw from the same. If, in the opinion of the court, the plaintiff be entitled to recover, judgment to be entered accordingly ; otherwise, the verdict to be set aside and the plaintiff to become nonsuit.

*Pratt*, for the defendant. The bond was given as collateral security for a debt from Hall to the plaintiff. Whatever would discharge Hall's simple contract debt would fulfil the condition of the bond and discharge the surety. By our law, Hall's giving the plaintiff a negotiable note was a payment of that debt. *Thacher* v. *Dinsmore*, 5 Mass. 302. *Whitcomb* v. *Williams*, 4 Pick. 228. *Wood* v. *Bodwell*, 12 Pick. 268. *Descadillas* v. *Harris*, 8 Greenl. 298. The character of the debt was changed by the giving of the note, and the surety was thereby discharged. *Rathbone* v. *Warren*, 10 Johns. 587.

The case against this defendant is to be governed by the laws of this Commonwealth, however it might be if the suit were against Hall on his simple contract. The law of Rhode Island, however, is the same as ours, on the subject of a negotiable note being payment of a simple contract debt.

*Holmes*, for the plaintiff. A negotiable note, taken for a debt due on simple contract, is only presumptive evidence that it is received in payment ; and, like other presumptions, it may be controlled by the agreement of the parties. The circumstances of this case are wholly inconsistent with the presumption that the parties intended that the note should be payment of the debt on account, and that the security, obtained but a few days before, should be vacated. *Maneely* v. *McGee*, 6 Mass. 146.

The condition of the bond can be performed only by actual payment ; as in case of a mortgage with condition that a certain sum shall be paid. *Cary* v. *Prentiss*, 7 Mass. 63. *Davis* v *Maynard*, 9 Mass. 242.

WILDE, J. This case turns on a single question, namely, whether the debt due to the plaintiff, and which was secured by the bond, in which the defendant's intestate became bound as a surety, has been paid by the principal debtor. And we think it immaterial whether this question is to be decided by the law of Rhode Island, or of this Commonwealth.

By the report of the evidence it appears, that within a few days after the bond in suit was given, Hall, the principal debtor, gave his own negotiable promissory note of hand to the plaintiff for the amount of the debt due and secured by the bond, and at

the same time the plaintiff gave him a receipt for the note for balance of account to that date.

The defendant's counsel contends that this note is to be considered as a payment and discharge of the preëxisting debt; and, according to the law of Massachusetts, such is the presumption, unless it can be made to appear that it was not so intended by the parties. But this, we think, has been made to appear very clearly by the evidence reported. The note was given but a few days after the plaintiff had obtained security for his debt by the bond in question ; the note was antedated so as to correspond with the date of the bond, as it corresponds with the condition of the bond, both as to the amount of the debt and the time of payment. Now it is impossible to imagine that the plaintiff, immediately after having obtained security for his debt, should have intended to discharge it, and trust to the credit of his debtor. And so it must have been understood by Hall, the debtor ; for he consented to the antedating of the note, which plainly indicated the plaintiff's intention of relying on his bond for his security. These circumstances are abundantly sufficient to ascertain the intention of the parties to the note, and to rebut the presumption of payment. This presumption and the facts proved are irreconcilable. The evidence of intention, although circumstantial, is entirely satisfactory.

There is nothing in the language of the plaintiff's receipt which favors the presumption that the note was received in payment of the preëxisting debt. It was given " for balance of account," not in payment of the debt. The receipt was given as evidence of the settlement of the account, and no further inference can reasonably be drawn from it.

Upon the whole evidence, therefore, we are of opinion that the note of hand was not given in payment of the debt secured by the bond, and consequently that the plaintiff is entitled to judgment.

*Judgment on the verdict.*